UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

FANNIE MARIE HAWKINS                                              PLAINTIFF

V.                                 CIVIL ACTION NO. 3:20-CV-183-KHJ-LGI

ANDREW SAUL,                                            DEFENDANT
COMMISSIONER OF SOCIAL SECURITY

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("Report") of United States Magistrate Judge LaKeysha Greer Isaac. [23]. For the reasons stated, the Court adopts this Report's findings and the recommendation of the Magistrate.

I.      Facts and Procedural History

Plaintiff Fannie Marie Hawkins applied for disability insurance benefits with the Social Security Administration in June 2017, alleging her disability started on March 24, 2017. [23] at 1. She claims she suffers from "multiple conditions including unspecified back, shoulder, knee, and right foot problems; nerve damage in the left hand and shoulder; migraine headaches; arthritis; diabetes; high blood pressure; and asthma." *Id.* Applying the five-step sequential evaluation,[1] the

---

[1] , These steps are: (1) Is plaintiff engaged in substantial gainful activity? (2) Does plaintiff have a severe impairment? (3) Does plaintiff's impairment(s) (or combination thereof) meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? (4) Can plaintiff return to prior relevant work? (5) Is there any work in the national economy that plaintiff can perform? C.F.R. § 404.1520; *see also McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

Administrative Law Judge ("ALJ") determined Hawkins retained the capacity to perform light work and denied her petition. *Id.* at 2-3.

Hawkins appealed, arguing the ALJ committed two errors. First, she contends the ALJ did not properly consider the limiting effects of her migraines in determining residual functional capacity. *Id.* at 3. Second, she claims the ALJ disregarded the medical experts' opinions and substituted his own lay opinion. *Id.* The Magistrate addressed both arguments.

The Magistrate first found "the ALJ's non-severity finding is substantially supported by the evidence." *Id.* at 6. As discussed in the Report, during the 16-month period after Hawkin's alleged onset of disability, she sought medical care for her migraines only seven times, and the sole or primary reason for most of those visits did not include migraines. *Id.* at 6-7. Hawkins admitted during the administrative hearing "that medication, heating pads, and ice packs help alleviate her symptoms." *Id.* at 7. The Magistrate found that "[d]espite [Hawkins]'s testimony that she experiences migraines nearly every day, the record does not establish that she reported experiencing them to the extent alleged after her injections ceased." *Id.* at 8. The Magistrate also reports that, though Hawkins argues the ALJ ignored "the limiting effects and vocational significance of her migraine headaches," she presents no physician of record supporting such limitations. *Id.* at 9.

As to whether the ALJ relied on his own opinion rather than medical opinions, the Magistrate held, "what Plaintiff 'characterizes as the ALJ substituting [his] opinion is actually the ALJ properly interpreting the medical evidence to

determine [her] capacity for work.'" *Id.* (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). She found that "[t]he ALJ properly considered the physician opinions of record and credited the limitations that were the most persuasive and consistent with the record as a whole." *Id.* at 12. The ALJ, the Magistrate held, accounted for other evidence in the record by reducing the lifting limitations from medium work (as recommended by the state agency consultants) to light work. *Id.* The Magistrate states the ALJ correctly discounted the severity of limitations Hawkins alleged and her physician because "[n]o medically acceptable clinical or laboratory diagnostic techniques" established their existence. *Id.* She also noted that Hawkins herself rated her migraine pain *before* medication as a five out of ten on the pain scale. *Id.* Based on these findings, the Magistrate found no cause for reversal of the ALJ's decision.

The Magistrate recommended the Court affirm the ALJ's conclusions. Hawkins timely objected to the Magistrate's Report. [24].

II.     Standard

The Court reviews de novo the portions of the Magistrate's Report to which Hawkins objects, 28 U.S.C. § 636(b)(1), while the remaining portions are subject to a "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). The Court, however, is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (citing *Nettles v. Wainwright*, 677 F.2d 404, 406-07 (5th Cir. Unit B 1982)). The Court need not consider

"[f]rivolous, conclusive or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles*, 677 F.2d at 410 n.8). Further, "issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)).

This Court limits its review of social security appeals to two basic inquiries: "(1) whether this is substantial evidence in the record to support the [ALJ's] decision; and (2) whether the decision comports with relevant legal standards." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (citing *Carrier v. Sullivan*, 944 F.2d 243, 245 (5th Cir. 1991)).

III. Discussion

Hawkins first objects to the Magistrate's finding that her migraines were managed with treatment and that the evidence therefore supported the ALJ's non-severity designation. [24] at 1-2.[2] An impairment is "'not severe' when medical and other evidence establish only a slight abnormality or a combination of abnormalities that would have no more than a minimal effect on an individual's ability to work." § 20 C.F.R. 416.921. Hawkins claims her migraines were severe because she cannot afford injections to manage them and that, while medication, heating pads, and ice packs help alleviate them, they do not cure her migraine headaches. *Id.* at 1. Notably, however, she does not dispute the Magistrate's finding that she only complained of migraines to medical providers seven times in the 16-month period

---

[2] Hawkins numbers the pages of her Objections beginning with "0." The Court follows her numbering in its citations.

after her disability onset date (far less than the 20 days a month as she claims she has migraines) or that the primary basis for most of these consultations did not include migraines. She also does not dispute that she rated her pain only as a five out of ten *before* treatment with medication, heating pads, and ice packs, or the Magistrate's finding that no physician on record supports the alleged limiting effects and vocational significance of her migraines. *Id.* at 7, 9, 12. Finding the evidence does not establish the migraines had more than a minimal effect on her ability to work, the Court therefore overrules Hawkins' Objection and finds substantial evidence supports the ALJ's ruling.

Hawkins next objects to the Magistrate's finding that the ALJ's analysis was well reasoned and argues "the ALJ's residual functional capacity determination consists of speculation." [24] at 3. In reviewing the ALJ's reasoning, this Court agrees with the Magistrate. The ALJ specifically points to the record evidence that he weighed in making his determination. [23] at 10-11. He first found the opinions of the state agency consultant "somewhat persuasive" but mitigated their suggested restriction of "medium work" to "light work" given the ongoing spinal issues with radiculopathy reflected by the record. *Id.* The ALJ then considered the opinion of Hawkins' primary care physician, finding him unpersuasive and listing specific internal consistencies of his records that cast doubt on the credibility of his opinion. *Id.* at 11. The ALJ based his analysis on the evidence before him. Hawkins mistakenly believes that the ALJ must wholesale adopt one medical expert's opinion or another, without weighing the opinion against other evidence in the

5

record. But the ALJ is entitled to "determine[] the weight to be accorded to evidence and makes credibility determinations" and "to accept any part of an expert's testimony or reject it completely." *Mendoza v. Marine Personnel Co., Inc.*, 46 F.3d 498, 500-01 (5th Cir. 1995) (citations omitted). The Court overrules Hawkins' Objections [24].

IV. Conclusion

After review of the record, the Court, being fully advised in the premises, findings that the Report and Recommendation is neither clearly erroneous nor contrary to law and should be adopted as the opinion of the Court.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Report and Recommendation [23] of United States Magistrate Judge LaKeysha Greer Isaac, entered in this cause should be, and the same is, adopted as the findings of this Court.

IT IS, FURTHER, ORDERED AND ADJUDGED that this case is DISMISSED WITH PREJUDICE.

A separate Final Judgment will issue this day.

SO ORDERED, this the 13th day of August, 2021.

s/ *Kristi H. Johnson*  
UNITED STATES DISTRICT JUDGE